IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| UNITED STATES OF AMERICA, Plaintiff - Appellee, | |
|---|---|
| v. | No. 24-4304 |
| MARILYN J. MOSBY, Defendant - Appellant. | |

### UNITED STATES OF AMERICA'S MOTION FOR A SECOND EXTENSION OF TIME TO FILE A RESPONSE BRIEF

The United States of America hereby moves the Court for a necessary second extension of time, *see* Fed. R. App. P. 26(b); 4th Cir. R. 31(c), which we anticipate will be our last. Appellant Marilyn Mosby filed her 59-page opening brief only six weeks ago on August 19, 2024, and she raises several claims of error that span this case's extraordinarily voluminous record, including two jury trials, years of heavily litigated motion practice, and contested forfeiture proceedings. Although the Court in granting our first extension said that any "further request . . . shall be disfavored," Order, filed Aug. 27, 2024, compelling circumstances justify this necessary second (and likely final) request for an extension.

As the undersigned explained in the government's first motion to extend time, he was promoted to Appellate Chief days after Mosby filed her opening brief. In the past six weeks, he has generally worked about 70 hours each week to complete his

1

work on older, more time-sensitive matters for the Appellate Division he now leads, so that he can turn his time and attention to this newer appeal. And the undersigned believes that he can do so starting next week.

The undersigned, as Appellate Chief, has implemented in his Office a multi-tiered peer-review process that ends with his substantive edit of each brief that his Office files with the Court. In the past three weeks, the undersigned has substantively edited four response briefs by other attorneys in his Office—all of which involved older appeals: (1) No. 24-4261, *United States v. John McLaurin* (filed on September 11); (2) No. 22-4330, *United States v. Juan Sandoval Rodríguez* (filed on September 16); (3) No. 21-4696, *United States v. Brian Gilbert* (filed on September 25); and (4) No. 24-4104, *United States v. Lambert Mbom* (filed on September 27). Each of these substantive edits involved reading the appellant's brief, becoming familiar with key parts of the record, and researching the most pertinent caselaw. Each edit took two to three full days to complete, and each resulted in the undersigned bringing new arguments and record facts into the brief. The purpose of these edits is to ensure that his Office consistently produces high-quality briefs to assist the Court.

Over the next week or so, the undersigned must substantively edit three more response briefs for his Office—each involving an older appeal, multiple extensions of time, and (unlike here) incarcerated defendants: (1) No. 22-2462(L), *United States v. José Joya Parada, Óscar Sorto Romero, Milton Portillo Rodríguez, and Juan*

*Sandoval Rodríguez* (due on October 3); (2) No. 24-4228, *United States v. Corey Lawson* (due on October 4); and (3) Nos. 22-6698 and 23-4742, *United States v. Stanislav Yelizarov* (due October 15). Once the undersigned finishes editing these briefs, he will have cleared off his desk most of the older pending briefs in his Office. Although the undersigned had hoped to turn his attention to this case earlier, he could not do so because it would have been at the expense of his work on older appeals, most of which involved (again, unlike here) incarcerated defendants.

And the undersigned does much more than substantively edit appellate briefs. He also substantively edits his Office's other appellate filings, including but not limited to a motion to dismiss the appeal in No. 24-4012, *United States v. Nosakhare Obamogie* (filed September 26), and the response in opposition to a motion to stay trial proceedings in No. 24-4407, *United States v. Robert Krop* (filed September 4), as well as some of his Office's more substantial filings in district court, such as the supplemental response to the as-applied Second Amendment challenge in No. 8:24-cr-113, *United States v. Jordathan Jones* (filed September 20). The undersigned has also reviewed possible avenues for appeal in several cases where his Office recently received adverse decisions in district court, requiring him to familiarize himself with the cases, their records, and the relevant caselaw, and make recommendations to the U.S. Attorney. In addition to substantively editing and reviewing the work of others, the undersigned carries his own appellate caseload. He recently finished drafting the

government's opening brief in No. 23-6273, *United States v. Allen Gill*, and finalized the Joint Appendix. He plans to perfect the *Allen Gill* appeal later this week. Earlier this month, the undersigned also devoted most of a week to preparing his colleagues for their recent oral arguments before the Court by running moot courts.

This brief rundown of how the undersigned has spent this appeal's first one-month extension does not include several time-consuming aspects of his current role, including the many consultations, meetings, and requests for legal advice he fields each weekday. And in addition to his work as Appellate Chief, the undersigned also leads the filter-review team assisting a high-priority, time-sensitive, multi-office federal investigation. Each week, he spends one to two full days at the FBI's regional office leading this team and supervising its work.[1]

On a personal note, the undersigned spent several days this past month moving his family to Maryland from the Midwest, which involved him taking annual leave to fly there, pack our household goods into a truck, and drive them to Maryland.

In sum, the undersigned is not requesting this second extension of time for purposes of delay but because he has had to spend the first one-month extension of time diligently working on older, time-sensitive matters. He anticipates he that will

---

[1] Upon the Court's request, the undersigned can provide under seal additional information about this filter-review matter. It will remain a major collateral duty for the undersigned for the foreseeable future. But as explained above, he should soon be able to turn the bulk of his time and attention to this appeal.

be able to turn his attention to this matter next week. And when he does so, the undersigned will likely need a full month to complete his work on this brief. The record on appeal, as noted, is extraordinarily voluminous, containing more than 570 docket entries, two separate jury trials for severed charges and convictions, over two years of heavily disputed motion practice, at least 36 transcripts (including 19 days of trial transcript), and contested forfeiture proceedings. The appendix, which sets forth only a slice of the record, spans six volumes and more than 3,000 pages. And Mosby's claims of error cover the entire record, from pretrial proceedings to both trials to the post-conviction forfeiture proceedings. This appeal presents more than a voluminous record; it also involves what the district court has called "an admittedly difficult legal question." ECF No. 571 at 5. The government thus needs a full month to craft a cogent yet fulsome response to aid the Court in resolving this appeal.

When the undersigned contacted Mosby's nine-person appellate team about this motion, the Federal Public Defender's Office responded that they "oppose" it, providing no explanation. As this Court knows, parties in even mine-run criminal appeals—which this is not—regularly seek without objection multiple extensions of time to file their brief. It is generally understood that the extensions are reasonable because criminal-law practitioners, especially members of the Federal Public Defender's Office and the U.S. Attorney's Office, are exceptionally busy. In the undersigned's Office, for example, only four of its more than 100 attorneys are

Appellate AUSAs. And in larger appeals like this one, it is routine for parties to request initial extensions of time of 60 days or longer. For instance, in a current appeal of comparable scope, the Federal Public Defender requested an initial 60-day extension, citing the case's "voluminous record" and "complex issues" and the other "professional obligations" of its three appellate attorneys, including two lawyers from a large outside firm. Unopposed First Motion for Extension of Filing Deadline, *United States v. Jacky McComber*, No. 24-4376 (4th Cir. Sept. 26, 2024). Even with three attorneys on the case, the FPD explained that they needed "additional time . . . to ensure that [their] arguments may be fully analyzed and addressed to the Court's benefit." *Id.* at 2. And far from opposing the FPD's motion, the undersigned's Office "consent[ed] to th[eir] request" for a 60-day extension.

Parties should not oppose routine extensions of time, especially in an appeal like this one, which is more complicated than most and involves a voluminous record on appeal and a defendant who is not incarcerated but rather is serving her first year of supervised release in home detention with the ability to travel for work. What is more, Mosby's opening brief was filed only six weeks ago—which means that her appeal, even with these requested extensions, is proceeding expeditiously.

**WHEREFORE,** the government respectfully asks the Court to grant this motion and extend our time to file a brief until Monday, November 11, 2024, which accounts for the fact that November 9, 2024, is a Saturday.

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/ David C. Bornstein
Assistant United States Attorney
Chief, Appellate Division
United States Attorney's Office
District of Maryland
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION AND TYPEFACE AND TYPE-STYLE REQUIREMENTS**

This motion to extend time complies with the type-volume limitation set forth in Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains <u>1,465</u> words.

This motion also complies with the typeface and type-style requirements in Fed. R. App. P. 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  October 1, 2024.                     /s/ David C. Bornstein
                                             Assistant United States Attorney