IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff - Appellee,<br><br>v.<br><br>MARILYN J. MOSBY,<br>      Defendant - Appellant. | No. 24-4304 |

## UNITED STATES OF AMERICA'S CONSENT MOTION TO EXTEND TIME TO FILE ANY REHEARING PETITION

The United States of America hereby moves the Court for a 30-day extension of time to file any rehearing petition. *See* Fed. R. App. P. 26(b) (providing that "[f]or good cause, the court may extend the time prescribed . . . by its order to perform any act"); *see also id.* R. 40(d)(1) (providing that "any" rehearing petition in a criminal case "must be filed within 14 days after judgment is entered"). Appellant Marilyn Mosby has been informed of this motion, and she consents to it.

Last Friday, a divided panel of the Court vacated Ms. Mosby's mortgage-fraud conviction in a published decision. *See* Dkt. 87 at 24–33. The panel majority did so on two grounds. First, it held that the district court's final venue instruction to the jury—which was taken almost verbatim from Judge Sand's *Modern Federal Jury Instructions* treatise—conveys an erroneous view of when venue is proper. *Id.* at 25–30. Next, it held that the instructional error was not harmless because the jury could

1

have found that the government had failed to prove that any essential conduct of the offense took place in the District of Maryland. *Id.* at 30–33. In defining the essential conduct of a false-statement offense under 18 U.S.C. § 1014, the panel majority held that it was bound by the ruling in *Reass v. United States*, 99 F.2d 752, 754–55 (4th Cir. 1938), that a false-statement offense under one of § 1014's predecessor statutes "consist[ed] of a single act," "communication of the false statements" to the lending bank. *See id.* at 27 ("Our disposition of [the predecessor statute] in 1938 binds our disposition of § 1014 today."). The panel majority therefore concluded that venue is proper for Ms. Mosby's § 1014 mortgage-fraud offense only in the district where her false statement was "transmitted . . . to [the] mortgage lender." Op. 29. Venue does not lie, under the panel majority's decision, where the false statement was prepared, filled out, or signed. *Id. But see United States v. Blecker*, 657 F.2d 629, 632 (4th Cir. 1981) (holding that venue for a similar false-statement offense was "unquestionably appropriate" where the false statement was "prepared").

The panel majority issued its venue decisions over Judge Niemeyer's dissent. *See* Dkt. 87 at 35–48 (Niemeyer, J., dissenting). He explained that by "restricting venue based on *Reass*," the panel majority was misapplying that decision and "also ignor[ing] the well-established rule that . . . venue lies where any conduct element of the offense was carried out." *Id.* at 45. He noted that the Court has recognized that both "preparing and transmitting false statements *are conduct elements* for this type

2

of crime." *Id.* (citing *Blecker*, 657 F.2d at 632). He pointed out that this Court and at least two other circuits have regarded "*Blecker* as providing the default venue rule with respect to false-statement crimes." *Id.* at 43 (citing cases); *see also United States v. Barsanti*, 943 F.2d 428, 434 (4th Cir. 1991) (holding that the rule of *Blecker* was "applicable" to venue for the offense of making a false statement under 18 U.S.C. § 1001). In contrast, other courts have "declined to draw guidance from *Reass*" on the ground that it is, among other things, "a relic." Dkt. 87 at 44. Judge Niemeyer explained that *Reass*'s restricted view of venue for false-statement offenses conflicts with "most of the decisions across the country." *Id.* at 44–45 (citing cases). Finally, Judge Niemeyer set forth why he agreed with the government's arguments on appeal that the venue instruction's "use of the 'in the furtherance of this crime' language" was not "too broad" and that any "error was harmless." *Id.* at 46–48.

    The government is currently reviewing the panel majority's decision as part of its internal adverse-decision process. This process can take several weeks because it involves multiple levels of consultation, memo-drafting, and decision-making, and it culminates in the Solicitor General's decision on whether to seek further review of the panel majority's decision. To allow this process to occur, the government moves the Court for a 30-day extension of time to file any rehearing petition, resulting in a new rehearing-petition deadline of Monday, August 25, 2025.

3

**WHEREFORE,** the government respectfully moves the Court to grant its consented-to motion for a 30-day extension of time to file any rehearing petition.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

/s/ David C. Bornstein
Assistant United States Attorney
Chief, Appellate Division
United States Attorney's Office
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION AND TYPEFACE AND TYPE-STYLE REQUIREMENTS

This motion complies with the type-volume limitation set forth in Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains <u>725</u> words.

This motion also complies with the typeface and type-style requirements in Fed. R. App. P. 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  July 18, 2025.                    /s/ David C. Bornstein
                                          Assistant United States Attorney